IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARKUS EUGENE FIELDS, | * | |
| | * | |
| v. | * | Criminal Case: CCB-16-606 |
| | * | (Related Civil Action CCB-19-1461) |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| | *** | |

## MEMORANDUM

The motion to vacate sentence under 28 U.S.C. § 2255 filed by Markus Eugene Fields (ECF 164) has been fully briefed. It is without merit and will be denied.

Fields complains that his appointed counsel, two Assistant Federal Public Defenders, were ineffective for failing to argue that his confession was inadmissible. Counsel did, however, file a motion to suppress Fields's statement, and were prepared to litigate the motion, including the issue of Fields's level of intellectual functioning and the alleged psychological pressure applied by law enforcement. (*See* ECF 72). Shortly before the motions hearing, however, Fields decided to plead guilty to armed bank robbery, Count Two of the superseding indictment in which he was charged. (ECF 53). As part of the plea, Fields agreed to give up his motion to suppress, and he told the court he understood that condition during the Rule 11 proceeding. (ECF 169-1, Ex. A, at 10).

Fields's plea agreement called for an agreed-upon sentence under Rule 11(C)(1)(c) of ten years. (ECF 77, Plea Agreement, at 4). That sentence was imposed, following a sentencing hearing in which the government, in describing the underlying facts of Fields's offense, referred to Fields's co-defendant in the robbery, his brother, Timothy McNeal. Fields complains in his motion to vacate that his counsel should have objected when the government mentioned his brother. But there was no basis to object to the government's discussion of the facts underlying

the robbery. If anything, the government's theory that Fields was "sort of taking orders from his brother" benefitted Fields, as it supported the prosecutor's willingness to recommend a 120-month sentence. (ECF 169-2, Ex. 2, at 7).[1]

In summary, Fields has shown neither deficient performance nor prejudice, as required to prevail on a claim of ineffective assistance of counsel. *Hill v Lockhart*, 474 U.S. 52 (1985). The motion to vacate will be denied, and no certificate of appealability will be issued. A separate Order follows.

  2/2/2021
Date

/S/
Catherine C. Blake
U.S. District Court Judge

---

[1] McNeal went to trial, was convicted, and was sentenced to a total of 228 months. (ECF 133).